OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Jeromy Rich appeals his June 2, 2003 conviction and sentence in the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On August 10, 2002, Crista Emigh and Valerie Soules were in the process of moving out of their apartment at 2344A Ansley Street, Alliance, Ohio. The apartment was on the ground floor of the apartment complex. On this date, the apartment was still in Soules' name, the utilities were still on, and the telephone was still connected and working. The girls had moved their beds, and did not plan on staying at the apartment overnight. Sometime between 7:00 p.m. and 10:00 p.m., Emigh returned to the apartment and entered by climbing through a window left open while moving furniture through it. By 10:00 p.m., most of the household furniture had been removed from the apartment, but both girls had items in the apartment and the apartment was in extreme disarray.
{¶ 3} At approximately 3:00 a.m., appellant approached the apartment, homeless and looking for a place to spend the night. He entered the apartment, and ate food he brought with him, looked at pictures, cut his hair and moved a lounge pillow from the bedroom to the living room and slept for a couple of hours. He woke around 7:00 a.m. and left the apartment.
{¶ 4} Soules returned to the apartment around 8:00 a.m. She noticed the front door was ajar, and thought they had locked it. She found appellant's hair clippings, a telephone book and the phone in the bathroom. Photographs of the girls with their friends, which had been taped to a bedroom door, were also in the bathroom, with a "sticky substance" on them. She found a box under the bathroom sink containing a bottle of Thousand Island salad dressing and a peach pit, a sweater on the bathroom sink and a job application in the hallway. The items did not belong to either of the girls. She also noticed the pillow in the living room. She called Emigh and contacted the Alliance City Police.
{¶ 5} Later in the day, upon being questioned by the police, appellant admitted he entered the apartment.
{¶ 6} Appellant was indicted on one count of burglary, a felony of the second degree. Appellant entered a plea of not guilty and subsequently filed a motion for a plea of not guilty by reason of insanity and a motion for competency evaluation. Appellant was found incompetent to stand trial, and was ordered to undergo treatment for restoration to competency. After appellant's hospitalization, the trial court conducted a hearing regarding an updated competency assessment from the court-appointed psychologist. The State and appellant stipulated to the contents of the report. The court found appellant presently competent to stand trial. On May 5, 2003, both parties stipulated to the contents of the court-appointed psychologist's report opining appellant was sane at the time of the alleged offenses. Appellant withdrew his plea of not guilty by reason of insanity, and the case proceeded to jury trial on June 2, 2003.
{¶ 7} At trial, appellant moved for acquittal per Criminal Rule 29(A) at the close of the State's evidence. The trial court overruled the motion. The jury was instructed as to the lesser-included burglary offenses. The jury found appellant guilty of the offense of burglary as charged in the indictment. The trial court sentenced appellant to seven years in prison.
{¶ 8} Appellant appeals his conviction and sentence setting forth the following assignments of error:
{¶ 9} "I. The jury's determination of guilt is based upon evidence that is insufficient as a matter of law.
{¶ 10} "II. Appellant's conviction of the offense of burglary is against the manifest weight of evidence presented during trial.
{¶ 11} "III. Defendant was denied effective assistance of Counsel.
{¶ 12} "IV. The trial court committed plain error when it Failed to instruct the jury on the lesser included offense of criminal trespass."
 I, II
{¶ 13} Appellant's first and second assignments of error address common and interrelated issues; therefore, we will address the assignments together.
{¶ 14} Appellant maintains there is an insufficiency of evidence to support the jury's determination of guilt, and his conviction is against the manifest weight of the evidence presented at trial.
{¶ 15} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
{¶ 16} Pursuant to Jenks, supra, on review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
{¶ 17} Appellant was charged with burglary in violation of R.C.2911.12(A)(2):
{¶ 18} "(A) No person, by force, stealth, or deception, shall do any of the following
{¶ 19} "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;"
{¶ 20} Section 2909.01 defines "occupied structure":
{¶ 21} "(C) `Occupied structure' means any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:
{¶ 22} "(1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.
{¶ 23} "(2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.
{¶ 24} "(3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.
{¶ 25} "(4) At the time, any person is present or likely to be present in it."
Appellant argues there is insufficient evidence from which the jury could reasonably conclude the apartment was an occupied structure. We disagree.
{¶ 26} Valerie Soules testified at trial:
{¶ 27} "Q. * * * On the tenth, do you recall, um, what you were doing in the day, leading up to the early evening hours?
{¶ 28} "A. We were moving to our new apartment all that day, so we were just moving all morning, all afternoon.
{¶ 29} "Q. Okay. And is that, the new apartment is located close by?
{¶ 30} "A. Yeah.
{¶ 31} "Q. Okay. Within walking distance?
{¶ 32} "A. Um, yeah.
{¶ 33} "Q. And about how late did you — did you sleep in your apartment, at that Apartment A, 2344 Ansley, on the night of the tenth?
{¶ 34} "A. No, we didn't.
{¶ 35} "Q. Okay. Do you know about what time you left?
{¶ 36} "A. Ah, it was late in the evening, I think maybe around ten. I'm not sure.
{¶ 37} "Q. Okay.
{¶ 38} "A. It was after dark?
{¶ 39} "Q. Had you been physically moving things back and forth all day?
{¶ 40} "A. Yes.
{¶ 41} "Q. Okay. Going from one apartment to the other?
{¶ 42} "A. Yes.
{¶ 43} "Q. And who all was doing that?
{¶ 44} "A. Me, Crista Emigh and my boyfriend, Brandon, and his friend, Mike.
{¶ 45} "Q. And at the time that you left the apartment, then, you were still, was it still in your name and were you still renting it?
{¶ 46} "A. Yes.
{¶ 47} "Q. Okay. Do you know if the utilities were still on and things of that nature?
{¶ 48} "A. Yes, they were.
{¶ 49} "Q. Okay. What about phone?
{¶ 50} "A. Yeah, the pones were still there in that apartment.
{¶ 51} "Q. Okay.
{¶ 52} "A. They hadn't switched yet.
{¶ 53} "Q. Okay. What other types of items were still in the apartment?
{¶ 54} "A. We had some of our rugs still there, some of the pillows, boxes of things still in the apartment, some things in the bedroom still. There were pictures up in Crista's room. There was like little things that we still had to move."
{¶ 55} Tr. at 128-130.
{¶ 56} Contrary to appellant's arguments, the definition of "occupied structure" set forth above does not require Emigh and Soules to intend to continue living at the apartment. Further, the apartment was neither permanently abandoned, nor vacant for a long period of time. Both roommates testified at trial there were numerous items left in the apartment. The move was not completed, and was to resume the next day. The utilities were still connected. Either roommate could have returned to the apartment at any time. Based upon the above, there is no indication the jury lost its way, and after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
{¶ 57} The first and second assignments of error are overruled.
 III, IV
{¶ 58} Appellant's third and fourth assignment of error raise common and interrelated issues; therefore, we address the assignments together.
{¶ 59} Appellant asserts the trial court committed plain error when it failed to instruct the jury on the lesser included offense of criminal trespass. He further asserts he was denied effective assistance of counsel. Appellant argues his counsel's performance was deficient due to counsel's failure to request a jury instruction on the lesser included offense of criminal trespass, to file appropriate pretrial motions, and to object to the introduction of testimony which was more prejudicial than probative.
{¶ 60} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice,i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136; Statev. Combs, supra.
{¶ 61} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
{¶ 62} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
{¶ 63} Decisions which constitute trial strategy do not generally rise to the level of ineffective assistance of counsel. A reviewing court must adopt a deferential attitude to the strategic and tactical choices counsel made as part of a trial strategy. State v. Griffie (1996), 74 Ohio St.3d 332. InGriffie, the Ohio Supreme Court held "failure to request jury instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel." At trial, appellant admitted to being in the apartment, but argued for acquittal because the apartment was not an occupied structure at the time. A request for a criminal trespass instruction would have assured a conviction, where there otherwise might have been an acquittal. Counsel's failure to request a jury instruction as to the lesser-included offense of criminal trespass was a tactical decision, and thus, did not render his assistance ineffective.
{¶ 64} Next, appellant argues the trial court's failure to instruct the jury as to criminal trespass sua sponte was plain error. "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91.
{¶ 65} However, "even though an offense may be a lesser included offense of another, a charge on the lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v.Thomas (1988), 40 Ohio St.3d 213, 216. The trial court must instruct the jury on the lesser included offense if it is possible for the trier of fact to find the defendant guilty of the lesser-included offense and not guilty of the charged offense under "any reasonable view of the evidence." State v. Wilkins
(1980), 64 Ohio St.2d 382.
{¶ 66} The evidence at trial was sufficient to convict appellant of criminal trespass, but also established appellant entered an "occupied structure" within the meaning of the burglary statute, as set forth above. There was also sufficient evidence for a reasonable trier of fact to conclude appellant entered the apartment "with purpose to commit a criminal offense." Additionally, a review of the evidence is not so overwhelming to suggest a substantial certainty the outcome would have been different had the trial court instructed on the inferior degree offense. No miscarriage of justice occurred here.
{¶ 67} The trial court did not commit plain error in failing to instruct the jury on the lesser included offense of criminal trespass. Further, appellant's argument as to his counsel's ineffective assistance in not requesting said instruction is without merit.
{¶ 68} Appellant further maintains his trial counsel failed to file pretrial motions or to object to testimony regarding appellant's previous contacts with Alliance police officers regarding numerous incidents at a neighborhood business. Appellant maintains the facts were more prejudicial then probative.
{¶ 69} Appellant argues the testimony was prejudicial to him because the evidence clearly implies appellant's involvement in previous criminal activity. He claims his trial counsel should have been prepared for this testimony and should have filed a motion in limine.
{¶ 70} Upon review of the record, we conclude the evidence was relevant. At trial, Officer Aaron Perkins testified the previous contacts with appellant connected appellant to the burglary at issue. Particularly, Officer Perkins testified he realized appellant's connection to the burglary when he noticed his hair had been cut, and the report from the burglary indicated hair had been found in the apartment. Additionally, appellant has not demonstrated the outcome of the trial would have been different had his attorney filed a motion or objected to the evidence at trial. Trial counsel is not required to make a motion which does not have a reasonable probability of success on the merits.State v. Uselton, May 12, 2004, Ashland App. No. 03COA032. Upon review of the record, we find the prejudicial effect of the evidence to be greatly outweighed by its relevancy. Further, there is a reasonable probability the trial court would have denied any motion to preclude or objection to the evidence at trial. Therefore, we do not find appellant's counsel ineffective in not objecting to or filing a motion in limine to preclude the evidence
{¶ 71} The third and fourth assignments of error are overruled.
{¶ 72} Appellant's convictions and sentences of the Stark County Court of Common Pleas are affirmed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.