OPINION
{¶ 1} Appellant Jeromy M. Rich appeals his felony re-sentencing in the Stark County Court of Common Pleas, following his 2003 conviction for burglary. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 11, 2002, the Stark County Grand Jury indicted appellant on one count of voyeurism (M3), one count of public indecency (M4), and one count of burglary (F2). The misdemeanor counts were thereafter remanded to Alliance Municipal Court. On September 25, 2002, having entered a plea of not guilty to the burglary charge in common pleas court, appellant filed a motion in said court for a plea of not guilty by reason of insanity and a motion for competency evaluation. The court ultimately found appellant competent to stand trial. On May 5, 2003, both parties stipulated to the contents of the court-appointed psychologist's report opining appellant was sane at the time of the alleged offenses. Appellant withdrew his plea of not guilty by reason of insanity, and the case proceeded to jury trial on June 2, 2003.
 {¶ 3} Following the jury trial, appellant was found guilty of the offense of burglary as charged in the indictment. The trial court sentenced appellant on June 10, 2003, to seven years in prison. Appellant timely appealed to this Court. On August 23, 2004, we affirmed appellant's conviction and sentence. See State v. Rich, Stark App. No. 2003CA00250, 2004-Ohio-4463.
 {¶ 4} Appellant thereafter began serving his prison sentence. On May 19, 2006, in light of the Ohio Supreme Court's decision in Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, which was decided on January 12, 2006, the trial court brought appellant back for re-sentencing. Following the re-sentencing hearing, the court issued a judgment entry, indicating that "the Court re-advised the Defendant of his post-release control obligations as had been done on the date of sentencing." Judgment Entry, May 22, 2006, at 2.
 {¶ 5} The court further re-advised appellant that "post-release control is mandatory in this case up to a maximum five (5) years . . ." Appellant was then ordered to serve any period of post-release control imposed, and any prison term imposed for a violation of that post-release control.
 {¶ 6} Appellant filed a notice of appeal on June 19, 2006, and herein raises the following two Assignments of Error:
 {¶ 7} "I. A TRIAL COURT IS WITHOUT AUTHORITY TO CONDUCT A SUA SPONTE, AFTER-THE-FACT RESENTENCING HEARING FOR THE PURPOSE OF ADVISING OR RE-ADVISING A DEFENDANT OF THE DEFENDANT'S POSTRELEASE CONTROL OBLIGATIONS. IN CONDUCTING THE AFTER-THE-FACT RESENTENCING HEARING, THE COURT VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS, DOUBLE JEOPARDY, AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 8} "II. THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW AND IN VIOLATION OF R.C. 2967.28 AND THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT ORDERED MR. RICH TO SERVE `ANY TERM OF POST RELEASE CONTROL IMPOSED BY THE PAROLE BOARD' OR TO SERVE `A MAXIMUM OF FIVE (5) YEARS.'"
 I. {¶ 9} In his First Assignment of Error, appellant argues that the trial court, in conducting a resentencing hearing, erred and violated his rights under the double jeopardy, due process, and ex post facto provisions of the Ohio and United States Constitutions. We disagree.
 Double Jeopardy Issues {¶ 10} Appellant first argues that his resentencing on May 22, 2006, following his 2003 conviction and sentence, was accomplished without legal authority and violated his right to be free from double jeopardy.
 {¶ 11} The Tenth District Court of Appeals recently addressed this issue in State v. Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429. In that case, a felony offender was resentenced in 2006 after being sentenced in 2001 for one count of engaging in a pattern of corrupt activity and seven counts of receiving stolen property. The Ramey court first quoted State v. McColloch (1991), 78 Ohio App.3d 42, 46, to conclude that an invalid sentence for which there is no statutory authority is a circumstance under which there can be no expectation of finality to trigger the protections of the Double Jeopardy Clause. Id. at ¶ 16. The Ramey court went on to hold: "Here, the trial court was statutorily required to impose a period of post-release control. The original sentencing entry did not include the imposition of post-release control and therefore was void. Because jeopardy did not attach to the void sentence, the trial court did not violate defendant's constitutional guarantee against double jeopardy in later correcting the sentence." Id. at ¶ 17.
 {¶ 12} Appellant nonetheless maintains that R.C 2953.08 gives the State the right to appeal a sentence that is contrary to law, and once the State chose not to appeal the original sentence (here, in 2003), appellant had a reasonable and legitimate expectation of finality in his sentence. However, Ohio law has consistently recognized that an attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. See, e.g., State v. Dickens (1987), 41 Ohio App.3d 354, 355, citing State v. Beasley (1984),14 Ohio St.3d 74, 75. Indeed, Beasley's rationale was recently reaffirmed in State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 357,2006-Ohio-5795, wherein the Ohio Supreme Court recognized: "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." Cruzado at ¶ 20, citing State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, ¶ 23.
 {¶ 13} We therefore find no merit in appellant's double jeopardy claim under the facts and circumstances of this case.
 Due Process and Ex Post Facto Issues {¶ 14} Appellant next contends that his resentencing violated his constitutional right to due process. Citing Bouie v. City of Columbia (1964), 378 U.S. 347, 354, he urges that due process prohibits retroactive application of any judicial construction of a criminal statute that is unexpected and indefensible by reference to the law as expressed prior to the conduct at issue. He further notes the Ohio Supreme Court's recognition that "[a]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law * * *." See State v. Garner,74 Ohio St.3d 49, 57, 1995-Ohio-168, 656 N.E.2d 623, quoting Bouie at 353.
 {¶ 15} However, this argument is premised on the proposition that appellant's resentencing was unexpected or unforeseeable. As we noted in our recitation of facts above, appellant was recalled by the trial court for resentencing in light of Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126. In Hernandez, an action for a writ of habeas corpus, the Ohio Supreme Court held that the Adult Parole Authority lacked authority to impose postrelease control on an offender, whose prison sentence was completed, who had not been advised by the trial court of statutorily required postrelease control. Id. at ¶ 28. We find the Court in Hernandez was thus essentially enforcing the plain mandate of R.C.2929.14(F) and 2967.28, both of which state that the sentencing court, as opposed to the adult parole authority, impose on a felony offender a term of postrelease control. Cf. Jordan, supra, at ¶ 21-23.
 {¶ 16} We are unpersuaded that the trial court's resentencing of appellant in this matter, stemming from the announcement of Hernandez, came as a result of an "unforeseeable enlargement" of Ohio's sentencing statutes, such that a due process or ex post facto violation would be cognizable.
 {¶ 17} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 18} In his Second Assignment of Error, appellant argues the trial court erred and violated his due process rights in ordering him to serve "any term of post release control imposed by the Parole Board" or to serve "a maximum of five years [PRC]." We agree.
 {¶ 19} It is undisputed that appellant was convicted of a second-degree felony in this case. The appropriate term of post-release control ("PRC") for a second-degree felony is a mandatory three-year term. See R.C. 2967.28(B)(2). Here, the trial court imposed upon appellant "any term of post release control imposed by the Parole Board." Judgment Entry, May 22, 2006, at 2. Appellant contends this language does not satisfy R.C. 2967.28(B)(2), supra, even when the court's language is read in pari material with other language in the entry (i.e., the advice that "post-release control is mandatory in this case up to a maximum of five (5) years.") Appellant suggests that this scenario invites the executive branch to correct the court's entry and attempt to define the PRC term in the future.
 {¶ 20} "R.C. 2967.28(B) does not explicitly require that the court specify the duration of post-release control in the number of years. This statute requires only that the sentence include a mandatory post-release control." State v. Johnson, Cuyahoga App. No. 83117,2004-Ohio-4229, ¶ 57. Furthermore, R.C. 2929.19 clearly states what the notice requirements are and does not specify length of post-release control as one of these requirements. Id. at ¶ 58.
 {¶ 21} However, as the Ohio Supreme Court has long recognized, "[t]he terms of a sentence of imprisonment ought to be so definite and certain as to advise the prisoner, and the officer charged with the execution of the sentence, of the time of its commencement and termination, without their being required to inspect the records of any other court, or the record of any other case." Picket v. State (1872), 22 Ohio St. 405, 411. We recognize the aforecited statutes do not require a trial court to notify the offender of the specific term of his or her post-release control sanction, and that the specific term is established by operation of law. However, the determination of guilt in a criminal matter and the sentencing of a defendant convicted of a crime are solely the province of the judiciary. See State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, 136, 729 N.E.2d 359, citing State ex rel. Atty. Gen. v. Peters (1885), 43 Ohio St. 629, 648, 4 N.E. 81. As the State herein concedes that the correct period of post-release control for appellant was three years, we conclude under the circumstances of this case that the proper remedy is to remand the matter for resentencing to include imposition of the correct specific PRC period pursuant to R.C.2967.28(B)(2).
 {¶ 22} Appellant's Second Assignment of Error is sustained.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed in part, reversed in part, and remanded for resentencing.
By: Wise, P. J., Edwards, J., concurs, Hoffman, J., concurs separately.