OPINION *Page 2 
{¶ 1} Defendant-appellant Desmond Rorie appeals the June 2, 2006 Judgment Entry-Resentencing entered by the Stark County Court of Common Pleas, which sentenced him to a term of incarceration of eight years, following the reversal of his original sentence by the Ohio Supreme Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On March 27, 2002, the Stark County Grand Jury indicted appellant on one count of felonious assault, in violation of R.C.2903.11(A)(1), a felony of the second degree. Appellant entered a plea of not guilty at his arraignment on March 29, 2002. The matter proceeded to jury trial. After hearing all the evidence and deliberations, the jury found appellant guilty of felonious assault as charged in the indictment. The trial court sentenced appellant to a term of imprisonment of eight years.
 {¶ 3} Appellant filed a timely appeal from his conviction and sentence to this Court. However, after transmission of the record, appellant's appellate counsel failed to file a merit brief, and this Court dismissed the appeal for want of prosecution. Subsequently, on July 28, 2004, this Court granted appellant's motion to reopen, and appointed new appellate counsel. Following briefing and oral arguments, this Court affirmed appellant's conviction and sentence via Opinion and Judgment Entry filed April 11, 2005. State v. Rorie (April 11, 2005), Stark App. No. 2002CA00187, unreported. Appellant subsequently filed a notice of appeal from this Court's decision to the Ohio Supreme Court, which reversed his sentence, and remanded his case for a resentencing hearing. In Re: OhioCriminal Sentencing Statute Cases, *Page 3 109 Ohio St.3d 313, 2006-Ohio-2109. Pursuant to the Ohio Supreme Court mandate, the trial court conducted a resentencing hearing. On May 30, 2006, the trial court sentenced appellant to a period of incarceration of eight years. Appellant objected to the prison term, asserting the imposition of the maximum term violated his rights under the ex-post facto and due process clauses of the Ohio and U.S. Constitutions. Because the trial court failed to advise appellant of his post-release control obligations, appellant returned to court on May 31, 2006. The trial court informed him his eight year prison term would be followed by a term of post release control of up to five years. The trial court memorialized the resentencing via Judgment Entry filed June 2, 2006.
 {¶ 4} It is from that judgment entry appellant appeals, raising the following assignments of error:
 {¶ 5} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED MR. RORIE TO SERVE AN EIGHT-YEAR PRISON TERM FOR HIS CONVICTION OF A SECOND-DEGREE FELONY, AS THAT PRISON TERM CONTRAVENED THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION. BLAKELY V. WASHINGTON (2004), 542 U.S. 296,124 S.CT. 2531, 159 L.ED.2D 403; UNITED STATES .V BOOKER (2005), 543 U.S. 220,125 S.CT. 738, 160 L.ED.2D 621. (TR., MAY 30, 2006, AT PP. 5-6;
 {¶ 6} "II. THE TRIAL COURT ERRED WHEN IT IMPOSED A SANCTION OF FIVE YEARS OF POSTRELEASE CONTROL."
 I {¶ 7} In his first assignment of error, appellant asserts his resentencing, as directed by State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, is unconstitutional as it *Page 4 
violates the ex-post facto and due process clauses of Ohio and United States Constitution. We disagree.
 {¶ 8} The Ohio Supreme Court in Foster concluded trial courts have full discretion to impose a prison sentence within the statutory range, and are not required to make findings or give their reasons for maximum, consecutive, or greater than the minimum sentences. Id at 30.
 {¶ 9} In State v. Smith, Montgomery App. No. 21004, 2006-Ohio-4405, the Second District Court of Appeals addressed the same arguments raised by appellant herein. The Smith Court explained:
 {¶ 10} "The federal appellate courts have addressed the ex post facto argument in relation to the United States Supreme Court's decision inUnited States v. Booker (2005), 543 U.S. 220, which held that the federal statutory sentencing guidelines were unconstitutional if mandatorily applied, and remedied the situation by making the guidelines advisory. See U.S. v. Scroggins (C.A. 5, 2005), 411 F.3d 572; U.S. v.Duncan (C.A. 11, 2005), 400 F.3d 1297; U.S. v. Fairclough (C.A.2, 2006),439 F.3d 76. In United States v. Jamison, the Seventh Circuit Court of Appeals held that the remedial holding in Booker did not violate the ex post facto clause. (C.A.7, 2005), 416 F.3d 538, 539. The Court stated that `Jamison knew that he was committing a crime at the time he distributed cocaine base. The new judicial interpretation of the law brought about by Booker affects his punishment, not whether his conduct was innocent. Distributing cocaine base was not made a crime by the Court's decision in Booker. Jamison also had fair warning that distributing cocaine base was punishable by a prison term of up to twenty years, as spelled out in the United States Code. Jamison had sufficient warning *Page 5 
of the possible consequences of his actions, and his sentence does not run afoul of any of the core concepts discussed in Rogers'. Id.
 {¶ 11} "We have not found any Ohio cases that directly address and present an analysis of the question of whether the holding inFoster operates as an ex post facto law. Accord State v. Lathan (May 19, 2006), Lucas App. No. L-03-1188, 2006-Ohio-2490 (declining to address whether the holding in Foster operates as an ex post facto law because the issue was not ripe for review until the appellant had been resentenced). However, we find the Seventh Circuit's rationale applicable to Smith's situation in light of the Ohio Supreme Court's decision in State v. Foster. Smith knew that his actions constituted a crime when he shot Dansby. The Ohio Supreme Court's decision to sever the provisions of the Ohio sentencing statutes in Foster affects Smith's punishment, not whether his actions constituted a criminal act. The statutory range of punishment Smith faced before the decision inFoster was between one and five years, and after Foster, Smith still faces between one and five years when his case is remanded for resentencing. Just as in Jamison, Smith was aware of the possible sentence he faced when committing the crime of felonious assault, and therefore, we conclude that the Ohio Supreme Court's decision inFoster does not violate the ex post facto clause." Id.
 {¶ 12} Likewise, this Court in State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, found "[a]ppellant essentially seeks the benefit of a state of law that never existed; * * * appellant was never guaranteed that he would receive the minimum prison term. However, that is the result that the appellant would have this *Page 6 
court mandate by retroactively applying the constitutional decision inFoster while refusing to apply the remedial holding in Foster." Id. at ¶ 28, 39.
 {¶ 13} "[E]ven if the remedial holding in Foster were not applied in the case of an offender who has not previously served a prison sentence, such as appellant, trial courts would have the discretion to overcome the minimum sentence pursuant to R.C. 2929.11 and R.C. 2929.12. As these statutes were in existence at the time appellant committed the crimes, [and were found to be constitutional in Foster ], the appellant had sufficient warning of the potential consequences of his actions to satisfy * * * due process concerns [.]" Id. at ¶ 40.
 {¶ 14} We agree with the rationale set forth in Smith andPaynter When appellant was initially convicted and sentenced, the maximum sentence for felonious assault, a felony of the second degree was eight years. In order to impose a maximum sentence, the trial court was required to make certain statutory findings and notes those findings on the record. After the decision in Foster, the trial court was no longer required to make any findings. At resentencing, the trial court again sentenced appellant to a term of incarceration of eight years. Appellant contends this sentence violates the ex-post facto and due process clauses of the U.S. and Ohio Constitutions. Appellant specifically asserts the remedies set forth in Foster increase the presumptive sentence; therefore, punishing him retrospectively. Appellant's actions of assaulting his wife was a second degree felony at the time he committed the offense. After Foster, appellant's actions still constituted a second degree felony. The Foster decision did not change the legal consequences of appellant's acts which occurred before the effective date of Foster; therefore, the ex-post facto clause is not implicated. *Page 7 
 {¶ 15} Appellant's first assignment of error is overruled.
 II {¶ 16} In his second assignment of error, appellant challenges the trial court's imposition of five years post-release control. We agree. While at appellant's original sentencing hearing, the trial court noted the correct three year term of post-release control, the State concedes the trial court committed error when it imposed a five year term of post-release control upon resentencing. For the reasons set forth in this Court's recent opinion in State v. Rich (January 29, 2007), Stark App. No. 2006CA00171, unreported, we sustain this assignment of error.
 {¶ 17} The judgment of the Stark County Court of Common Pleas is affirmed in part, vacated in part and remanded for further proceedings consistent with this opinion and the law.
 Hoffman, P.J. Farmer, J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed in part, vacated in part and remanded for further proceedings consistent with this opinion and the law. Costs assessed equally.
[1] A Statement of the Facts is not necessary to our disposition of this appeal; therefore, such will not be included herein. *Page 1