OPINION *Page 2 
{¶ 1} Defendant-appellant Allen Rogers appeals the June 16, 2006 Judgment Entry of the Stark County Court of Common Pleas, which resentenced him and advised him of his term of post-release control of a mandatory period of "up to a maximum of five (5) years." Plaintiff-appellee is the State of Ohio
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 2004, the Stark County grand Jury indicted appellant on one count of trafficking in cocaine and one count of voluntary manslaughter with a firearm specification. On January 31, 2005, a jury found appellant guilty as charged.
 {¶ 3} On February 2, 2005, the trial court sentenced appellant to a mandatory nine (9) year prison term for the count of trafficking cocaine, concurrent to a mandatory ten (10) year prison term for the count of voluntary manslaughter, and a mandatory, consecutive three (3) year prison term for the firearm specification. The appellant's aggregate sentence was thirteen (13) years.
 {¶ 4} Appellant appealed his conviction and sentences to this Court. On September 19, 2005, this Court upheld appellant's conviction.State v. Rogers, Stark County App. No. 2005CA0005, 2005-Ohio-4958.
 {¶ 5} Appellant appealed this Court's decision to the Ohio Supreme Court challenging his sentence on Apprendi-Blakely grounds. The Ohio Supreme Court accepted the case solely on the Apprendi-Blakely grounds and stayed the case pending the resolution of the issue inFoster. In re Ohio Sentencing Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, ¶ 137. *Page 3 
 {¶ 6} On May 3, 2005, the Ohio Supreme Court reversed and remanded appellant's case to the trial court for re-sentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 7} On June 14, 2006, the trial court conducted a hearing and re-sentenced appellant to the same sentence it original imposed, stating:
 {¶ 8} "The Court has had the opportunity to go back and review this matter. In fact, I did pull the original sentencing entry along with the file so that I could review it accordingly, and the Court has had the opportunity to apply the general sentencing statutes that are still valid and constitutional within the State of Ohio at the current time.
 {¶ 9} "Based upon those statutes and the Court's consideration of the limited factors that are now permitted, the Court will again reaffirm basically the prior sentence in that the Defendant will be ordered to serve a mandatory term of nine years on the charge of trafficking in cocaine, that being a felony of the first degree. Also there will be a driver's license suspension of six months which is long past at this point in time.
 {¶ 10} "On the other charge, he will be ordered to serve a term of ten years, on the charge of voluntary manslaughter, and it carries also a firearm specification for which there will be an additional three year term in prison that will be provided. That is consecutive by law.
 {¶ 11} "It is further ordered that the sentences for trafficking in cocaine and voluntary manslaughter will be served concurrently, at the same time, but they will be consecutive to the mandatory incarceration for the firearm specification." T. at 6-7
 {¶ 12} The trial court also notified appellant of his post-release control ("PRC") as part of his sentence, as follows: *Page 4 
 {¶ 13} "The Defendant will also be subject to mandatory post-release control for five years to be monitored by the Adult Parole Authority through the prison system.
 {¶ 14} "In the event that he violates the terms that have been set for him, he will subject himself to a potential further prison term, or if he commits a new felony he may also subject himself to the new felony sentence, but also to the amount of time still remaining on his post-release control or one year, whichever is greater." T. at 8.
 {¶ 15} Appellant filed a timely appeal raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 16} "I. THE OHIO SUPREME COURT RULING IN STATE V. FOSTER DOES NOT CURE OHIO'S UNCONSTITUTIONAL SENTENCING SCHEME; THUS, IT REMAINS UNCONSTITUTIONAL.
 {¶ 17} "II. THE APPLICATION OF THE REMEDY FOR OHIO'S UNCONSTITUTIONAL SENTENCING SCHEME VIOLATED THE APPELLANT'S RIGHT UNDER THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 18} "III. THE TRIAL COURT COMMITED [SIC] ERROR WHEN IT CONDUCTED RE-SENTENCING TO CORRECT SENTENCING ERRORS, WHEN THE PROPER REMEDY IS A DIRECT APPEAL.
 {¶ 19} "IV. THE TRIAL COURT VIOLATED THE DEFENDANT'S RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT IMPOSED A TERM OF POST-RELEASE CONTROL THAT WAS NOT IMPOSE IN THE ORIGINAL SENTENCE." *Page 5 
 I., II. {¶ 20} Assignments of error I and II are interrelated and will be addressed together. Appellant claims Ohio's sentencing scheme remains unconstitutional despite the holding in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, as the application of Foster violates appellant's rights under the due process and ex post facto clauses of the United States and Ohio Constitutions. We disagree.
 {¶ 21} This Court has addressed these arguments in recent cases, including State v. Ashbrook, 5th Dist. No. 2006CA00193, 2007-Ohio-2325,State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542. After a comprehensive analysis, we found the same legal arguments without merit. Based upon these well written opinions, we deny these assignments of error.
 {¶ 22} Accordingly, assignments of error I and II are overruled.
 III. {¶ 23} Appellant argues in his third assignment of error that the trial court did not have authority to re-visit the PRC aspect of his sentence since the notification constituted an "after-the-fact" resentencing barred by Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126. This argument has been rejected recently by the Ohio Supreme Court in State, ex rel. Cruzado v. Zaleski, 11 Ohio St.3d 353,2006-Ohio-5795 and as followed by this Court in State v. Rich, 5th Dist. No. 2006CA00171, 2007-Ohio-362.
 {¶ 24} We concur with the analysis of these learned opinions and deny this assignment of error. *Page 6 
 {¶ 25} Accordingly, the third assignment of error is overruled.
 IV. {¶ 26} In his final assignment of error, appellant contends that the trial court violated his double jeopardy rights when it imposed PRC.
 {¶ 27} Appellant cites United States v. DiFrancesco (1980),449 U.S. 117 to support his argument Appellant quotes DiFrancesco: "[a defendant] has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired". Id. at 136. Appellant argues because appellee herein did not appeal his sentence as provided for in R.C. 2953.08, appellant had a reasonable expectation of finality recognized by the DiFrancesco Court.
 {¶ 28} DiFrancesco is significantly different from the case sub judice. DiFrancesco involved the federal statutory right of the government to seek an increased sentence on appeal; not the correction of an invalid sentence. The original sentence imposed by the trial court in DiFrancesco was not illegal, nor did it fail to include any statutorily required punishments. DiFrancesco involved only the government's right to seek a greater punishment in the appellate court than the one legally originally imposed by the trial court. Thus, appellant's attempt to apply the DiFrancesco to the case sub judice is unpersuasive.
 {¶ 29} This Court addressed the double jeopardy issue in State v.Rich, supra. In Rich, the defendant appealed his felony re-sentencing following a conviction for burglary. He was sentenced to seven years in prison. Defendant appealed and his conviction and sentence were upheld. He began serving his sentence. In light of Hernandez,108 Ohio St.3d 395, 2006-Ohio-126, the trial court re-sentenced defendant *Page 7 
and re-advised of PRC. Defendant appealed. We found no merit to the defendant's double jeopardy claim, citing the Tenth District Court of Appeals' decision in State v. Ramey, Franklin App. No. 06AP-245,2006-Ohio-6429.
 {¶ 30} In Ramey, a felony offender was resentenced in 2006 after being sentenced in 2001 for one count of engaging in a pattern of corrupt activity and seven counts of receiving stolen property. TheRamey court first quoted State v. McColloch (1991), 78 Ohio App.3d 42,46, to conclude that an invalid sentence for which there is no statutory authority is a circumstance under which there can be no expectation of finality to trigger the protections of the Double Jeopardy Clause.Id. at ¶ 16.
 {¶ 31} The Ramey court went on to hold:
 {¶ 32} "Here, the trial court was statutorily required to impose a period of post-release control. The original sentencing entry did not include the imposition of post-release control and therefore was void. Because jeopardy did not attach to the void sentence, the trial court did not violate defendant's constitutional guarantee against double jeopardy in later correcting the sentence." Id. at ¶ 17.
 {¶ 33} Appellant nonetheless maintains that R.C. 2953.08 gives the State the right to appeal a sentence that is contrary to law, and once the State chose not to appeal the original sentence (here, in 2003), appellant had a reasonable and legitimate expectation of finality in his sentence. However, Ohio law has consistently recognized that an attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. See, e.g., State v.Dickens (1987), 41 Ohio App.3d 354, 355, citing State v. Beasley (1984),14 Ohio St.3d 74, 75. Indeed, Beasley's rationale was recently reaffirmed in State ex rel. Cruzado v. Zaleski, *Page 8 111 Ohio St.3d 353, 357, 2006-Ohio-5795, wherein the Ohio Supreme Court recognized: "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." Cruzado at ¶ 20, citing State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, 817 N.E.2d 864, ¶ 23.
 {¶ 34} Under these facts, appellant's final assignment of error is overruled.
 {¶ 35} The decision of the Stark County Court of Common Pleas is affirmed.
By: Delaney, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.