OPINION *Page 2 
{¶ 1} Defendant-appellant John William Nickum appeals the May 5, 2006, judgment entry of the trial court in which the court re-sentenced appellant in order to advise him of his post-release control obligations. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND LAW {¶ 2} Appellant pleaded guilty on May 15, 2003, to two counts of complicity to commit burglary, felonies of the third degree, one count of complicity to an attempt to commit burglary, a felony of the fourth degree, and one count of complicity to commit forgery, a felony of the fifth degree. Appellant was advised at the guilty plea hearing that he may be placed on post-release control ("PRC"). Appellant was sentenced on June 23, 2003, to an aggregate term of four years in prison. The trial court did not advise appellant of his PRC obligation at the sentencing hearing. Appellant was granted judicial release on January 29, 2004.
 {¶ 3} Appellee filed a motion to revoke appellant's judicial release on July 7, 2004. The trial court revoked appellant's judicial release and sentenced him to an aggregate term of three years in prison. The trial court did not advise appellant of his PRC obligations at the revocation hearing. On April 20, 2006, the trial court filed a nunc pro tunc judgment entry styled "Judgment Entry: Community Sanctions Revoked and Sentence Imposed (Nunc Pro Tunc 7/20/04 — clerical error)". In the April 20, 2006, nunc pro tunc entry the trial court added a paragraph to the July 20, 2004, judgment entry that stated: "The Court had further notified the defendant that post release control is optional in this case up to a maximum of three (3) years, as well as the consequences for violating condition of post release control imposed by the Parole Board under *Page 3 
Revised Code section 2967.28. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control."
 {¶ 4} On May 5, 2006, twenty-three days before appellant's release, the trial court conducted a hearing during which it advised appellant of his PRC obligations and issued a judgment entry memorializing said hearing. It is from the May 5, 2006, judgment entry that the appellant appeals, setting forth the following assignment of error.
 {¶ 5} "A TRIAL COURT IS WITHOUT AUTHORITY TO CONDUCT A SUA SPONTE, AFTER-THE-FACT RESENTENCING HEARING FOR THE PURPOSE OF IMPOSING A TERM OF POST-RELEASE CONTROL AS PART OF THE DEFENDANT'S SENTENCE. IN CONDUCTING THE AFTER-THE FACT RESENTENCING HEARING, THE COURT VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS, DOUBLE JEOPARDY, AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS."
 {¶ 6} Appellant, in his sole assignment of error, challenges the trial court after the fact resentencing hearing as violative of his due process rights, protection against double jeopardy, and protection against ex-post facto laws under the Ohio and United States Constitutions.
 {¶ 7} For the reasons set forth in this Court's decision in State v.Rich, Stark App. No. 2006CA00171, 2007-Ohio-362, we overrule appellant's due process, ex-post facto and double jeopardy arguments. See, also,State v. Roberson, Stark App. No *Page 4 
2006CA00155, 2007-Ohio-643 and State v. Rorie, Stark App. No. 2006CA00181, 2007-Ohio-741.
 {¶ 8} The fact that the case sub judice involves discretionary PRC while Rich involved mandatory PRC does not affect the applicability ofRich herein. As stated by the Court in Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301: ". . . `the distinction between discretionary and mandatory postrelease [sic] control is one without a difference with regard to the duty of the trial court to notify the offender at the sentencing hearing and to incorporate postrelease [sic] control notification into its journal entry.'" Id. at ¶ 22.
 {¶ 9} Appellant further argues that because the State did not appeal the trial court's failure to advise appellant of his post-release control obligations in the original sentencing entry, the doctrines of res judicata and collateral estoppel bar relief through a re-sentencing hearing. We disagree.
 {¶ 10} As set forth in State v. Broyles, Stark App. No. 2006CA00170,2007-Ohio-487, "In State ex rel Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, the Ohio Supreme Court discussed two exceptions to the general rule a trial court lacks authority to reconsider its own valid final judgments in criminal cases. TheCruzado court explained a trial court is authorized to correct a void sentence. Additionally, a trial court can correct clerical errors in judgment. We find the trial court's action in the case sub judice corrected a void sentence." Id. at ¶ 11.
 {¶ 11} We concur with the analysis set forth in Broyles, and find that appellant's sentence was void because the trial court did not advise appellant of his post-release *Page 5 
control obligations in the original sentencing entry. The trial court was therefore authorized to correct the sentence to include the appropriate post-release control term.
 {¶ 12} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 13} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 Edwards, J. Farmer, P.J. and Wise, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1