OPINION *Page 2 
{¶ 1} On December 6, 2005, appellant, Donald Bailey, II, pled guilty to driving under the influence of alcohol or drugs in violation of R.C.4511.19. By journal entry filed January 30, 2006, the trial court sentenced appellant to one hundred eighty days in jail, one hundred twenty days suspended in lieu of community control. The trial court informed appellant if he violated his community control, he could be sentenced to up to two years in prison.
 {¶ 2} Following appellant's release from jail, he failed to report to his parole officer and as a result, a motion to revoke appellant's community control was filed. A hearing was held on October 24, 2006. By journal entry filed November 29, 2006, the trial court found appellant had violated the conditions of his community control, and sentenced him to two years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT RETROACTIVELY APPLIED THE REMEDIAL HOLDING FROM THE OHIO SUPREME COURT DECISION INSTATE V. FOSTER, 109 OHIO ST.3D 1, 2006-OHIO-856, TO DONALD BAILEY, THEREBY FAILING TO REMEDY A SENTENCE THAT WAS CONTRARY TO LAW WHEN ORIGINALLY IMPOSED. (NOVEMBER 20, 2006 HEARING, T.PP. 10-11; JOURNAL ENTRY FILED NOVEMBER 29, 2006). THIS WAS A VIOLATION OF BOTH THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION." *Page 3 
 II {¶ 5} "MR. BAILEY WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO RAISE AN OBJECTION TO THE IMPOSITION OF AN ILLEGAL SENTENCE. (NOVEMBER 20, 2006 HEARING, T.PP. 10-11; JUDGMENT ENTRY FILED NOVEMBER 29, 2006). THIS IS IN VIOLATION OF THESIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 I {¶ 6} Appellant claims the trial court erred in retroactively applying the holding of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, as the application of Foster violated his rights under the due process and ex post facto clauses of the United States and Ohio Constitutions. We disagree.
 {¶ 7} In State v. Paynter, Muskingum App. No. CT2006-0034,2006-Ohio-5542, Assignment of Error II, this court reviewed the same issues herein and found they lacked merit. See also, State v.Rorie, Stark App. No. 2006CA00181, 2007-Ohio-741, Assignment of Error I. We concur with the comprehensive analyses of these well written opinions and deny this assignment of error.
 II {¶ 8} Appellant claims his trial counsel was ineffective in failing to object to his "illegal" sentence. We disagree.
 {¶ 9} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following: *Page 4 
 {¶ 10} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 11} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 12} Based upon our decision in Assignment of Error I, we find no deficiency by defense counsel on this issue.
 {¶ 13} Assignment of Error II is denied.
 {¶ 14} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
 Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. *Page 1