OPINION *Page 2 
{¶ 1} Defendant-appellant Gary Scott appeals the May 17, 2007 Re-Sentencing Entry entered by the Morgan County Court of Common Pleas, following this Court's remand order in State v. Scott, Morgan App. No. 2006-CA-002, 2007-Ohio-6390. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On December 8, 2004, the Morgan County Grand Jury indicted Appellant in an eleven (11) count Indictment, charging him with possession, trafficking, and complicity to trafficking in illegal drugs, including marijuana, cocaine and crack cocaine. Following a jury trial, the Morgan County Court of Common Pleas convicted Appellant of one count of selling marijuana in the vicinity of a juvenile; four counts of complicity to sell crack cocaine; one count of complicity to sell marijuana; one count of complicity to sell cocaine in the vicinity of a juvenile; one count of trafficking in marijuana in the presence of a minor; one count of possession of cocaine; and one count of engaging in a pattern of corrupt activity. Appellant was acquitted of Count One, trafficking in marijuana.
 {¶ 3} The trial court conducted a sentencing hearing on January 3, 2006. After conducting the sentencing hearing, considering the information contained in the pre-sentence investigative report as well as the sentencing memorandum filed by defense counsel, and based upon statements presented by the prosecutor, defense counsel and Appellant, the trial court imposed a twelve month prison term and fine of $2,500.00, on Count 2, complicity to trafficking in marijuana; an eleven month prison term and a $2,500.00 fine on Count 3, complicity to trafficking in cocaine, a felony of the fifth *Page 3 
degree; an eleven month prison term and a $2,500.00 fine on Count 4, complicity to trafficking in marijuana, a felony of the fifth degree; an eleven month prison term and fine of $2,500.00 on count 5, complicity to trafficking in crack cocaine, a felony of the fifth degree; a three year prison term and a $5,000.00 fine on count 6, complicity to trafficking in crack cocaine, a felony of the third degree; a three year prison term and $5,000.00 fine on count 7, complicity to trafficking in crack cocaine, a felony of the third degree; a twelve month prison term and $2,500.00 fine on count 9, trafficking in marijuana, a felony of fourth degree; an eleven month prison term and $1,500.00 fine on count 10, possession of cocaine, a felony of the fifth degree; and an eight year prison term and $10,000.00 fine on count 11, engaging in a pattern of corrupt activity, a felony of the first degree.
 {¶ 4} The trial court ordered the sentences imposed for counts 3, 4 and 5 be served concurrent with one another, and the sentences for counts 9 and 10 be served concurrent with one another, and the sentences for all other counts be served consecutively to one another. The trial court noted the aggregate prison term imposed upon Appellant was sixteen years and eleven months, and the total amount of fines was $27,500.00. In addition, the trial court ordered Appellant to pay court costs, suspended his driver's license for five years, and ordered the forfeiture of various property.
 {¶ 5} Appellant appealed his conviction and sentence to this Court. This Court affirmed the conviction, and vacated the sentence and remanded the matter to the trial court for re-sentencing in accordance with Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, andState v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856, 845 N.E.2d 470.State v. Scott, supra. *Page 4 
 {¶ 6} Upon remand, the trial court conducted a re-sentencing hearing on May 2, 2007. The trial court re-sentenced Appellant as follows: a definite term of twelve months in prison and fine of $2,500.00, on Count 2, complicity to trafficking in marijuana; a definite term of eleven months and a $2,500.00 fine on Count 3, complicity to trafficking in cocaine, a felony of the fifth degree; a definite term of eleven months and a $2,500.00 fine on Count 4, complicity to trafficking in marijuana, a felony of the fifth degree; a definite term of eleven months and fine of $2,500.00 on Count 5, complicity to trafficking in crack cocaine, a felony of the fifth degree; a definite term of three years and a $5,000.00 fine on Count 6, complicity to trafficking in crack cocaine, a felony of the third degree; a definite term of three years and $5,000.00 fine on Count 7, complicity to trafficking in crack cocaine, a felony of the third degree; a definite term of twelve months and $2,500.00 fine on Count 9, trafficking in marijuana, a felony of fourth degree; a definite term of eleven months and $1,500.00 fine on Count 10, possession of cocaine, a felony of the fifth degree; and a definite term of eight years and $10,000.00 fine on Count 11, engaging in a pattern of corrupt activity, a felony of the first degree.
 {¶ 7} The trial court ordered the sentences imposed for counts 3, 4 and 5 be served concurrent with one another; the sentences for counts 9 and 10 be served concurrent with one another; and the sentences for all other counts be served consecutively to one another. The trial court noted the aggregate prison term imposed upon Appellant was sixteen years and eleven months, and the total amount of fines was $27,500.00. In addition, the trial court ordered Appellant to pay court costs, suspended his driver's license for five years, and ordered the forfeiture of various property. The trial *Page 5 
court found Appellant was not eligible for the intensive prison program. The trial court memorialized its ruling via Re-Sentencing Entry filed May 17, 2007.
 {¶ 8} It is from this entry Appellant appeals, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURTS SENTENCE VIOLATES THE DICTATE OF OHIO REVISED CODE SECTION 2929.11 THAT FELONY SENTENCES BE CONSISTENT WITH SENTENCES IMPOUND [SIC] FOR SIMILAR CRIMES BY SIMILAR OFFENDERS AND THAT SENTENCES NOT BE BOUND IN RACE.
 {¶ 10} "II. THE TRIAL COURT'S SENTENCE VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 1 ARTICLE 2 OF THE OHIO CONSTITUTION.
 {¶ 11} "III. THE SENTENCE IMPOSED BY THE TRIAL COURT VIOLATED THE APPELLANT'S REPORT [SIC] TO SUBSTANTIVE DUE PROCESS PURSUANT TO BOTH OHIO AND FEDERAL CONSTITUTION."
 I {¶ 12} In his first assignment of error, Appellant contends the trial court's sentence violated R.C. 2929.11. Specifically, Appellant maintains his sentence was not consistent with sentences imposed by the trial court for similar crimes, and his sentence was racially motivated.
 {¶ 13} Appellant concedes he presented no evidence at the re-sentencing hearing, and the evidence presented does not support his contention. We have reviewed the record and find likewise. *Page 6 
 {¶ 14} Appellant's first assignment of error is overruled.
 II {¶ 15} In his second assignment of error, Appellant challenges the trial court's sentence on equal protection grounds.
 {¶ 16} Appellant notes this Court has rejected this argument inState v. Paynter, Muskingum App. No. No. CT2006-0034, 2006-Ohio-5542. Based upon our holding in Paynter and its progeny, we find the sentence imposed in the case sub judice did not violate Appellant's equal protection rights.
 {¶ 17} Appellant's second assignment of error is overruled.
 III {¶ 18} In his final assignment of error, Appellant submits the trial court's sentence violated his due process rights under the Ohio and United States Constitutions.
 {¶ 19} Again, Appellant recognizes this Court has rejected this argument in State v. Rorie, Stark App. No. 2006CA00181, 2007-Ohio-741. Based upon our holding in Rorie, we find the sentence imposed in instant matter did not violate Appellant's due process rights.
 {¶ 20} Appellant's third assignment of error is overruled. *Page 7 
 {¶ 21} The judgment of the Morgan County Court of Common Pleas is affirmed.
 Hoffman, P.J., Farmer, J. and Delaney, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morgan County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1