OPINION
{¶ 1} Defendant-appellant Russell Blankenship appeals the trial court's judgment revoking his community control and imposing sentence. A timely Notice of Appeal was filed on June 30, 2004. On October 12, 2004, counsel for appellant filed a brief pursuant to Anders v. California (1997), 388 U.S. 924, indicating the within appeal was wholly frivolous and setting forth three potential assignments of error as follows:
 I. {¶ 2} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING THAT THE DEFENDANT-APPELLANT VIOLATED THE TERMS AND CONDITIONS OF COMMUNITY CONTROL.
 II. {¶ 3} "THE TRIAL COURT COMMITTED ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO A TERM OF IMPRISONMENT.
 III. {¶ 4} "THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL"
 {¶ 5} On July 19, 2005, counsel for appellant also filed a Motion to Withdraw and a request for an extension of time for appellant to file a pro se merit brief. Appellant was provided with a copy of a record and transcript of proceedings. Appellant's pro se brief was due on or before October 19, 2005. No pro se merit brief has been filed by appellant.
 {¶ 6} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if an arguably meritorious issue exists. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits, if state law so requires. Id.
 {¶ 7} We now turn to appellant's potential assignments of error.
 STATEMENT OF FACTS: {¶ 8} On June 7, 2002, appellant was indicted by the Fairfield County Grand Jury on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree; and one count of attempt to commit abduction, in violation of R.C. 2905.02 and 2923.02, a felony of the second degree. On August 8, 2002, appellant entered a plea of guilty to one count of aggravated burglary, and the State entered a nolle prosequi to the charge of attempt to commit abduction.
 {¶ 9} On August 15, 2002, by judgment entry, the trial court sentenced appellant to serve a four-year term of incarceration for one count of aggravated burglary. On August 1, 2003, the trial court granted appellant's request for judicial release, suspended the remainder of his sentence, and ordered appellant to be placed on community control for a period of five years. The trial court's entry incorporated a "Community Control Stipulation and Agreement".
 {¶ 10} On March 31, 2004, the State moved to revoke appellant's community control sanction. On April 7, 2004, after a hearing, the trial court found probable cause appellant had violated the terms of his community control.
 {¶ 11} On May 6, 2004, the trial court conducted an evidentiary hearing on the State's revocation motion. At the hearing, appellant's community control officer testified appellant had a history of unsuccessful participation on community control and had violated his conditions in two prior cases. The officer further testified appellant had failed to provide documentation of employment; failed to provide documentation he was complying with his child support obligation; failed to obey the laws in that he was arrested for the unauthorized use of a motor vehicle and convicted on charges of disorderly conduct by intoxication, OMVI, and driving under suspension in Hocking County, Ohio; and violated his no contact order. Appellant testified on his own behalf, and admitted to violating the terms of his community control sanctions.
 I. {¶ 12} Appellant argues in his first potential assignment of error the trial court abused its discretion in finding he violated the conditions of his community control.
 {¶ 13} In this case, the testimony of the community control officer clearly establishes a violation. Furthermore, appellant, by his own admission, violated his community control by failing to provide required documentation and violating the laws of the State of Ohio. For this reason, appellant's first proposed assignment of error is not well taken.
 II. {¶ 14} Appellant argues in his second proposed assignment of error the trial court erred in imposing the remainder of his four-year prison sentence.
 {¶ 15} Appellant entered a guilty plea to one count of aggravated burglary, a felony of the first degree. The penalty range for a first degree felony is a three, four, five, six, seven, eight, nine, or ten-year period of incarceration. Appellant was sentenced to serve a four-year term of incarceration. The trial court clearly had the discretion to impose a four-year sentence of incarceration. For this reason, appellant's second proposed assignment of error is not well taken.
 III. {¶ 16} In his third proposed assignment of error, appellant argues he was denied effective assistance of counsel.
 {¶ 17} Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. To prevail on this ground, appellant must meet the test for ineffective assistance of counsel established in Strickland v. Washington. First, appellant must show counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects, and, (2) appellant was so prejudiced by the defect there is a reasonable probability that, but for counsel's errors, the results of the trial would have been different. State v.Bradley (1989), 42 Ohio St.3d 244, 248-249, 596 N.E.2d 1101. Because of the inherent difficulties in making the first determination, a court must indulge in a strong presumption the challenged action might be considered sound trial strategy.Strickland, 466 U.S. at 689, 104 S.Ct. at 2065,80 L.Ed.2d at 694-695. Thus, judicial scrutiny of counsel's performance must be highly deferential. Id. at 689, 104 S.Ct. at 2065,80 L.Ed.2d at 694.
 {¶ 18} In this case, counsel's trial strategy, based upon the admissions of appellant, was to convince the trial judge appellant's violation was caused by a substance abuse problem relating to alcohol, in an effort to convince the court to admit appellant into a substance abuse program, rather than to impose a term of incarceration. Furthermore, the record does not reflect counsel fell below a reasonable standard of representation. Accordingly, appellant has shown neither deficient performance nor prejudice. Under these facts, we cannot find appellant was denied the effective assistance of counsel. For this reason, appellant's third proposed assignment of error is not well taken.
 {¶ 19} Accordingly, after independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court revoking appellant's community control.
 {¶ 20} The judgment of the Fairfield County Court of Common Pleas, General Division, is affirmed.
Hoffman, J. Gwin, PJ. and Edwards, J. concur
 JUDGMENT ENTRY {¶ 21} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, General Division, is affirmed.
 {¶ 22} Attorney Andrew Sanderson's motion to withdraw as counsel for appellant, Russell Lee Blankenship is hereby granted.
 {¶ 23} Costs assessed to appellant.