OPINION
{¶ 1} Defendant-appellant Robert Broyles appeals the May 22, 2006 Judgment Entry entered by the Stark County Court of Common Pleas, which readvised him of his term of post-release control of a mandatory five years. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On May 9, 2003, the Stark County Grand Jury indicted appellant on one count of sexual battery and one count of child endangering. Appellant waived his right to a jury with respect to the child endangering count. The charge of sexual battery was tried to a jury, which resulted in a verdict of guilty. The trial court subsequently found appellant not guilty of child endangering. The trial court sentenced appellant to a period of incarceration of four years and adjudicated him a sexually oriented offender.
 {¶ 3} At the sentencing hearing on January 9, 2004, the trial court informed appellant of the post-release control obligations of his sentence. The trial court's January 16, 2004 sentencing entry, however, did not make any reference to post-release control. Appellant filed a timely appeal to this Court, which affirmed his conviction and sentence via Opinion and Judgment Entry filed March 8, 2005.
 {¶ 4} In response to the Ohio Supreme Court's decision inHernandez v. Kelly, 108 Ohio St. 3d 395, 2006-Ohio-126, the trial court conducted a hearing regarding appellant's post-release control obligations. The trial court issued a Judgment Entry on May 22, 2006, indicating it "readvised the Defendant of his post-release control obligations as had been done on the date of sentencing whereupon, the Court advised the Defendant that post-release control is mandatory in this case for a maximum of five (5) years, as well as the consequences for violating conditions of post-release control imposed by the Parole Board under Revised Code Section 2967.28."
 {¶ 5} It is from this judgment entry appellant appeals, raising the following assignments of error:
 {¶ 6} "I. A TRIAL COURT IS WITHOUT AUTHORITY TO CONDUCT A SUA SPONTE, AFTER-THE-FACT RESENTENCING HEARING FOR THE PURPOSE OF ADVISING OR RE-ADVISING A DEFENDANT OF THE DEFENDANT'S POST RELEASE CONTROL OBLIGATIONS. IN CONDUCTING THE AFTER-THE-FACT RESENTENCING HEARING, THE COURT VIOLATED APPELLANT'S [SIC] UNDER THE DUE PROCESS, DOUBLE JEOPARDY, AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 7} "II. THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW AND IN VIOLATION OF R.C. 2967.28 AND THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT ORDERED MR. BROYLES TO SERVE "ANY TERM OF POST RELEASE CONTROL IMPOSED BY THE PAROLE BOARD".
 I {¶ 8} In his first assignment of error, appellant challenges the trial court's after the fact resentencing hearing as violative of his due process rights, protection against double jeopardy, and protection against ex-post facto laws under the Ohio and United States Constitutions.
 {¶ 9} For the reasons set forth in this Court's decision in State v.Rich (January 29, 2007) Stark App. No. 2006CA00171, unreported, we overrule appellant's due process, ex-post facto and double jeopardy arguments.
 {¶ 10} Appellant further argues because the state could have, but elected not to appeal the trial court's failure to provide the requisite post-release control notice in the original sentencing entry, the doctrines of res judicata and collateral estoppel bar relief through a resentencing hearing. We disagree.
 {¶ 11} In State ex rel Cruzado v. Zaleski, 111 Ohio St. 3d 353,2006-Ohio-5795, the Ohio Supreme Court discussed two exceptions to the general rule a trial court lacks authority to reconsider its own valid final judgments in criminal cases. The Cruzado court explained a trial court is authorized to correct a void sentence. Additionally, a trial court can correct clerical errors in judgment. We find the trial court's action in the case sub judice corrected a void sentence.
 {¶ 12} In the January 16, 2004 Sentencing Entry, the trial court failed to notify appellant of his post-release control term, which is required by R.C. 2967.28 (B)(2). Citing State v. Beasley (1984),14 Ohio St. 3d 74, the Cruzado Court found, "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Id at 75. The Supreme Court explained the proper remedy for correcting a sentence which is void because it does not contain a statutorily mandated term is to resentence the offender.
 {¶ 13} Although at the original sentencing hearing, the trial court notified appellant of the post-release control obligations of his sentence, the trial court failed to include this notification in the sentencing entry. Prior to the completion of appellant's sentence, the trial court returned appellant to the court for resentencing. UnderCruzado, because appellant's sentence was void, the trial court was authorized to correct the sentence to include the appropriate, mandatory post-release control term.[2]
 {¶ 14} Appellant's first assignment of error is overruled.
 II {¶ 15} In his second assignment of error, appellant argues the trial court erred and violated his due process rights in ordering him to serve "any term of post-release control imposed by the Parole Board."
 {¶ 16} It is undisputed appellant was convicted of sexual battery, a third degree felony. The offense is a felony sex offense as defined in R.C. 2967.28 (A)(3); therefore, the appropriate term of post-release control is a mandatory five year term. R.C. 2967.28 (B)(1).
 {¶ 17} The May 22, 2006 Judgment Entry provides:
 {¶ 18} "Whereupon, the Court advised the Defendant that post release control is mandatory in this case for a maximum of five (5) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The Defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control."
 {¶ 19} Appellant contends this language not only fails to satisfy R.C.2967.28 (B)(2), but also violates the separation of powers doctrine. Appellant adds the trial court abdicated its obligation of setting the sentence and conferred that authority upon the executive branch.
 {¶ 20} "R.C. 2967.28(B) does not explicitly require that the court specify the duration of post-release control in the number of years. This statute requires only that the sentence include a mandatory post-release control." State v. Johnson, Cuyahoga App. No. 83117,2004-Ohio-4229, ¶ 57. Furthermore, R.C. 2929.19 clearly states what the notice requirements are and does not specify length of post-release control as one of these requirements. Id. at ¶ 58.
 {¶ 21} "However, as the Ohio Supreme Court has long recognized, "[t]he terms of a sentence of imprisonment ought to be so definite and certain as to advise the prisoner, and the officer charged with the execution of the sentence, of the time of its commencement and termination, without their being required to inspect the records of any other court, or the record of any other case." Picket v. State (1872), 22 Ohio St. 405, 411. It is clear the aforecited statutes do not require a trial court to notify the offender of the specific term of his or her post-release control sanction, and that the specific term is established by operation of law. However, the determination of guilt in a criminal matter and the sentencing of a defendant convicted of a crime are solely the province of the judiciary. See State ex rel. Bray v. Russell (2000),89 Ohio St. 3d 132, 136, 729 N.E.2d 359, citing State ex rel. Atty. Gen. v.Peters (1885), 43 Ohio St. 629."
 {¶ 22} The State correctly notes the trial court set forth the appropriate statutorily required term of post-release control for appellant. The trial court's additional statement ordering appellant to serve as part of the sentence any term of post-release control imposed by the Parole Board is surplusage and irrelevant. No violation of the separation of powers doctrine occurred.
 {¶ 23} Appellant's second assignment of error is overruled.
 {¶ 24} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J., Wise, P.J., and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] A Statement of the Facts is not necessary to our disposition of this appeal; therefore, such will not be included herein.
[2] At oral argument, appellant argued the Cruzado decision rendered his sentence merely voidable, not void; therefore, res judicata is applicable. The Ohio Supreme Court did not specifically address the issue of "void" versus "voidable" in Cruzado. The Court did, however, reiterate the term "void" as used in Beasley, supra, and, we must interpret the language as such and find res judicata does not apply. The Ohio Surpeme Court may later have occasion to reconsider this issue and the possible application of res judicata in light of the State of Ohio's right to appeal sentences under R.C. 2953.08(B)(2) and (G), which right did not exist at the time Beesley was decided.