OPINION
{¶ 1} Defendant-appellant Darris Roberson appeals the May 5, 2006 Judgment Entry entered by the Stark County Court of Common Pleas, re-advising him of his post-control release obligations. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF CASE[1] {¶ 2} On May 5, 1999, the Stark County Grand Jury indicted appellant on one count of attempted murder, two counts of aggravated robbery, one count of kidnapping, and one count of breaking and entering. The matter proceeded to a jury trial, resulting in guilty verdicts on all of the counts. The trial court sentenced appellant to an aggregate term of imprisonment of twenty-five years.
 {¶ 3} At the sentencing hearing on August 18, 1999, the trial court informed appellant of the post-release control obligations of his sentence. The trial court's August 25, 1999 sentencing entry, however, did not make any reference to post-release control. Appellant filed a timely appeal to this Court, which affirmed his conviction and sentence via Opinion and Judgment Entry filed December 18, 2000.
 {¶ 4} In response to the Ohio Supreme Court's Decision inHernandez v. Kelley, 108 Ohio St. 3d 395, 2006-Ohio-126, the trial court conducted a hearing regarding appellant's post-release control obligations. The trial court issued its judgment entry on May 5, 2006, indicating it "re-advised the Defendant of his post-release control obligations as had been done on the date of sentencing. Whereupon, the Court advised the Defendant that post-release control is mandatory in this case up to a maximum of five (5) years, as well as the consequences of violating conditions of post-release control imposed by the Parole Board under R.C. S. 2967.28." May 5, 2006 Judgment Entry.
 {¶ 5} It is from this judgment entry appellant appeals, raising as his sole assignment of error:
 {¶ 6} "I. THE TRIAL COURT IS WITHOUT AUTHORITY TO CONDUCT A SUA SPONTE, AFTER-THE-FACT RESENTENCING HEARING FOR THE PURPOSE OF ADVISING OR RE-ADVISING A DEFENDANT OF THE DEFENDANT'S POST-RELEASE CONTROL OBLIGATIONS. IN CONDUCTING THE AFTER-THE-FACT RESENTENCING HEARING, THE COURT VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS, DOUBLE JEOPARDY, AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS."
 I {¶ 7} In his sole assignment of error, appellant challenges the trial court's authority to conduct an after-the-fact resentencing hearing for the purpose of advising or re-advising him of his post-release control obligations. Appellant submits the trial court's actions violate his rights under the due process, double jeopardy, and ex-post facto clauses of the Ohio and United States Constitutions.
 {¶ 8} For the reasons set forth in this Court's decision, in State v.Rich (January 29, 2007), Stark App. No. 2006CA00171, unreported, we overruled appellant's due process, ex-post facto, and double jeopardy arguments.
 {¶ 9} For the reasons set forth by this Court in State v. Broyles
(February 5, 2007), Stark App. No. 2006CA00170, unreported, we overrule appellant's res judicata argument.[2]
 {¶ 10} Appellant's sole assignment of error is overruled.
 {¶ 11} The judgment of the Stark County Court of Common Pleas is affirmed. By: Hoffman, P.J. Wise, J. and Boggins, J. concur
HON. WILLIAM B. HOFFMAN HON. JOHN W. WISE HON. JOHN F. BOGGINS
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Stark County Court of Common Pleas is affirmed. Costs are assessed to appellant.
[1] A Statement of the Facts is not necessary to our disposition of this appeal; therefore, such will not be included herein.
[2] Appellant raises res judicata in his argument under the first assignment of error but has not separately assigned it as error pursuant to App. 16. See also App. R. 12.