OPINION
{¶ 1} Defendant-appellant Dennis Dean Wilson appeals the June 30, 2006 Judgment Entry entered by the Stark County Court of Common Pleas, re-advising him of his post-control release obligations. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} In 2004, the Stark County Grand Jury returned an indictment against appellant, charging him with one count of burglary. The case proceeded in the Stark County Court of Common Pleas, during which appellant opted to plead guilty to the charged offense. As part of his guilty plea, appellant signed a guilty plea form, which was attached to the court's judgment entry memorializing the guilty plea. In this form, appellant acknowledged that he had been advised by his counsel and the court about his post-release control ("PRC") obligations. (Judgment Entry, Change of Plea and Pre-Sentence Investigation, filed July 30, 2004).
 {¶ 3} After the completion of a pre-sentence investigation report, the trial court sentenced appellant to a community control sanction for a period of three years. In its sentencing judgment entry, the court noted appellant's PRC obligations as potentially part of his sentence. (Judgment Entry of Sentencing, filed Sept. 3, 2004). *Page 3 
 {¶ 4} On August 10, 2005, appellant's intensive supervision probation officer filed a motion to revoke or modify appellant's community control sanction. In addition, an entry was filed the same day that appellant had absconded, tolling the period of the community control sanction pending his arrest. Upon appellant's arrest later that month, the court conducted a hearing on the motion to revoke or modify. The court found that appellant had violated the terms and conditions of his community control sanction, revoked the sanction, and imposed a term of imprisonment. The court sentenced appellant to a prison term of two years. The sentencing judgment entry makes no mention of appellant's PRC obligations.
 {¶ 5} On June 26, 2006 in response to the Ohio Supreme Court's decision in Hernandez v. Kelley, 108 Ohio St.3d 395, 2006-Ohio-126, the trial court conducted a hearing regarding appellant's post-release control obligations. The trial court made the following comments about the prior notifications:
 {¶ 6} "So the record should reflect that on July 26, 2004, when you changed your plea to guilty in this matter, my records indicate that I did advise you of post release controls. I acknowledged that with a checkmark next to it and also your name, your signature on that particular document along with your attorney.
 {¶ 7} "I would also indicate that there is a record of this plea from the July 26 pretrial date.
 {¶ 8} "Record should further reflect that when you did plea to this particular charge, you went over a Criminal Rule 11(C) plea form, and on that Criminal Rule 11(C) plea form you were advised that post release control, that it was mandatory in this case *Page 4 
and there was a potential of three years. My error was not advising you when we revoked your community control". (T. at 3-4).
 {¶ 9} The court noted that appellant was still serving his two-year prison term in this case and then proceeded with notifying him again of his statutory obligation to serve PRC as part of his sentence. (T. at 4-5). Appellant objected to the hearing.
 {¶ 10} The trial court memorialized this re-notification by judgment entry. In this entry, the court noted the prior notification, as well as the re-notification at this Hernandez hearing. Appellant is subjected to a mandatory term of PRC of three years as set forth by statute. (Judgment Entry filed June 30, 2006).
 {¶ 11} It is from this judgment entry appellant appeals, raising as his sole assignment of error:
 {¶ 12} "I. THE TRIAL COURT IS WITHOUT AUTHORITY TO CONDUCT A SUA SPONTE, AFTER-THE-FACT RE-SENTENCING HEARING FOR THE PURPOSE OF ADVISING OR RE-ADVISING A DEFENDANT OF THE DEFENDANT'S POST-RELEASE CONTROL OBLIGATIONS. IN CONDUCTING THE AFTER-THE-FACT RE-SENTENCING HEARING, THE COURT VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS, DOUBLE JEOPARDY, AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS."
 I. {¶ 13} In his sole assignment of error, appellant challenges the trial court's authority to conduct an after-the-fact re-sentencing hearing for the purpose of advising or re-advising him of his post-release control obligations. Appellant submits the trial *Page 5 
court's actions violate his rights under the due process, double jeopardy, and ex-post facto clauses of the Ohio and United States Constitutions.
 {¶ 14} For the reasons set forth in this Court's decision, inState v. Rich (January 29, 2007), Stark App. No. 2006CA00171,2007-Ohio-362, we overrule appellant's due process, ex-post facto, and double jeopardy arguments. See also, State v. Roberson (February 12, 2007), Stark App. No. 2006CA0015, 2007-Ohio-643.
 {¶ 15} Appellant raises res judicata in his argument under the first assignment of error but has not separately assigned it as error pursuant to App. 16. See also App. R. 12.
 {¶ 16} For the reasons set forth by this Court in State v.Broyles (February 5, 2007), Stark App. No. 2006CA00170, 2007-Ohio-487, we overrule appellant's res judicata argument. State v. Roberson, supra.
 {¶ 17} Appellant's sole assignment of error is overruled.
 {¶ 18} The judgment of the Stark County Court of Common Pleas is affirmed.
 Gwin, P.J., Hoffman, J., and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant. *Page 1