OPINION
{¶ 1} Defendant-appellant Brian Balderson appeals from the June 29, 2006, "Change of Plea and Sentence Nunc Pro Tunc (as of 9/24/98)", the August 4, 2006, Order and the August 4, 2006, "Change of Plea and Sentence Nunc Pro Tunc (as of 9/24/98)" issued by the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 21, 1998, the Stark County Grand Jury indicted appellant on one count of aggravated vehicular homicide in violation of R.C. 2903.06, a felony of the third degree, with a specification of being under the influence of alcohol, one count of driving while intoxicated in violation of R.C. 4511.19(A)(1) a felony of the fourth degree, one count of failure to comply with order or signal of police officer in violation of R.C. 2921.331, a felony of the fourth degree, one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree, and one count of driving under suspension in violation of R.C. 4507.02, a misdemeanor. At his arraignment on August 28, 1998, appellant entered a plea of not guilty to charges contained in the indictment.
 {¶ 3} Subsequently, on September 22, 1998, appellant withdrew his former plea of not guilty and entered a plea of guilty to all of the charges contained in the indictment. At the sentencing hearing on the same date, the trial court sentenced appellant to an aggregate prison term of 8 1/2 years. At the hearing, the trial court stated on the record, in relevant part, as follows:
 {¶ 4} "After prison release you may have up to 3 years post release control. The period of post release control is optional in this case. For violations the Parole Board may impose more restrictive or longer parole sanction including a 9 month prison *Page 3 
term for each violation up to a maximum of 50 percent of the prison term stated at sentencing." Transcript of September 22, 1998 hearing at 15.
 {¶ 5} Appellant's sentence was memorialized in a Judgment Entry filed September 24, 1998. No mention of post-release control was made in such entry.
 {¶ 6} Subsequently, in response to the Ohio Supreme Court's decision in Hernandez v. Kelley, 108 Ohio St.3d 395, 844 N.E.2d 301,2006-Ohio-126, the trial court set a status hearing for June 26, 2006, to "re-advise" appellant of his post-release control obligations. At the hearing, at which appellant was present, the trial court stated on the record, in relevant part, as follows:
 {¶ 7} "The Court did indicate to you at the time of sentencing that you would be subject to post-release control, although the record will reflect that the Court indicated that it was optional. However, out of an abundance of caution, and given the nature of the offenses, the Court is going to again indicate to you that after prison release, you will have a three year period of post-release control. The period of post-release control is mandatory in this case." Transcript of June 26, 2006 hearing at 5.
 {¶ 8} In its June 28, 2006, Judgment Entry, the trial court stated, in pertinent part, as follows:
 {¶ 9} "The Court finds that on September 22, 1998, as reflected by the transcript of proceedings and the plea form, that Defendant was previously advised of his post release control obligations.
 {¶ 10} "Whereupon in open court, the Court re-advised the Defendant of his post release control obligations as had been done on the date of his plea. *Page 4 
 {¶ 11} "Whereupon, the Court advised the Defendant that post release control is optional in this case up to a maximum of three (3) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The Defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control."
 {¶ 12} On June 29, 2006, the trial court filed a "Change of Plea and Sentence Nunc Pro Tunc (as of 9/24/98)." Such entry did not include any reference to post-release control.
 {¶ 13} Thereafter, on June 30, 2006, the trial court held another hearing to address whether post-release control was optional or mandatory in appellant's case. At such hearing, the trial court stated, in relevant part, as follows on the record:
 {¶ 14} "THE COURT: Yes. Attorney Bible, Mr. Balderson, the Court has had another opportunity to review and consider this matter. And upon looking at the plea form, the plea form did indicate an optional three-year period of post-release control, as did the original sentencing transcript.
 {¶ 15} "And so the Court is going to reaffirm what was said at the time of sentencing and also indicated at the time of the plea and written in the plea form, and the Court will reaffirm that the community control in this case — I'm sorry, that the post-release control, after your release from prison, Mr. Balderson, is an optional three-year period of post-release control. That would be up to a maximum of three years." Transcript of June 30, 2006 hearing at 3-4. *Page 5 
 {¶ 16} Pursuant to a Judgment Entry filed on August 4, 2006, the trial court vacated the Judgment Entries of June 28, 2006, and June 29, 2006, "as they do not accurately reflect the proceedings and were filed in error."
 {¶ 17} On August 4, 2006, the trial court also filed a ""Change of Plea and Sentence Nunc Pro Tunc (as of 9/24/98)." Such entry stated that the trial court had advised appellant that post-release control was optional up to a maximum of three years and ordered appellant to serve any term of post-release control imposed by the Parole Board,
 {¶ 18} In a separate order filed on the same day, the trial court stated that it had notified appellant of his post-release control obligations.
 {¶ 19} Appellant now raises the following assignments of error on appeal:
 {¶ 20} "I. A TRIAL COURT HAS NO AUTHORITY TO CONDUCT A SUA SPONTE, AFTER-THE-FACT RESENTENCING HEARING FOR THE PURPOSE OF IMPOSING A TERM OF POST-RELEASE CONTROL AS PART OF THE DEFENDANT'S SENTENCE. IN CONDUCTING THE AFTER-THE-FACT RESENTENCING HEARING, THE COURT VIOLATED APPELLANT'S RIGHT UNDER THE DUE PROCESS, DOUBLE JEOPARDY, AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 21} "II. THE TRIAL COURT'S JUNE 29 AND AUGUST 4, 2006, NUNC PRO TUNC ENTRIES ARE VOID, AS THEY ATTEMPTED TO CORRECT A SUBSTANTIVE ERROR IN THE ORIGINAL SENTENCING ENTRY. THE AUGUST 4, 2006, NUNC PRO TUNC ENTRY WAS PREJUDICIAL AND VIOLATED MR. BALDERSON'S RIGHTS TO DUE PROCESS UNDER THE OHIO AND UNITED STATES *Page 6 
CONSTITUTIONS BECAUSE IT IMPOSED A TERM OF POST-RELEASE CONTROL THAT WAS NOT INCLUDED IN THE ORIGINAL SENTENCING ENTRY."
 I {¶ 22} Appellant, in his first assignment of error, challenges the trial court's after the fact resentencing hearing as violative of his due process rights, protection against double jeopardy, and protection against ex-post facto laws under the Ohio and United States Constitutions.
 {¶ 23} For the reasons set forth in this Court's decision in State v.Rich, Stark App. No. 2006CA00171, 2007-Ohio-362, we overrule appellant's due process, ex-post facto and double jeopardy arguments. See, also,State v. Roberson, Stark App. No 2006CA00155, 2007-Ohio-643.
 {¶ 24} Appellant further argues because the state could have, but elected not to, appeal the trial court's failure to provide the requisite post-release control notice in the original sentencing entry, the doctrines of res judicata and collateral estoppel bar relief through a resentencing hearing. We disagree.
 {¶ 25} The Ohio Supreme Court, in State ex rel Cruzado v.Zaleski, 111 Ohio St.3d 353, 856 N.E.2d 263, 2006-Ohio-5795, discussed two exceptions to the general rule that a trial court lacks authority to reconsider its own valid final judgments in criminal cases. TheCruzado court explained that a trial court is authorized to correct a void sentence. Additionally, a trial court can correct clerical errors in judgment. We find the trial court's action in the case sub judice corrected a void sentence.
 {¶ 26} In the September 24, 1998, Sentencing Entry, the trial court failed to notify appellant of his post-release control term, which is required by *Page 7 
R.C. 2967.28(B) whether the post-release control is mandatory or, as here, optional State v. Phillips, Logan App. No. 8-06-14, 2007-Ohio-686
at paragraph 23. Citing State v. Beasley (1984), 14 Ohio St.3d 74,471 N.E.2d 774, the Cruzado Court stated that, "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Id at paragraph 20. The Supreme Court explained that the proper remedy for correcting a sentence which is void because it does not contain a statutorily mandated term is to resentence the offender.
 {¶ 27} Although, at the original sentencing hearing, in September of 1998, the trial court notified appellant of post-release control, the trial court failed to include such notification in the sentencing entry as required by R.C. 2967.28(B). The court's September 24, 1998, Judgment Entry was, therefore, void. Prior to the completion of appellant's sentence, the trial court returned appellant to the court for resentencing. Under Cruzado, because appellant's sentence was void, the trial court was authorized to correct the sentence to include the appropriate, post-release control language. See also State v.Broyles, Stark App. No. 2006CA00170, 2007-Ohio-487.
 {¶ 28} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 29} Appellant, in his second assignment of error, argues that the trial court's June 29, 2006, and August 4, 2006, Nunc Pro Tunc Judgment Entries are void because they attempted to correct a substantive error in the original sentencing entry.
 {¶ 30} With respect to the trial court's June 29, 2006, Judgment Entry, we note that the trial court vacated the same pursuant to a Judgment Entry filed on August 4, 2006. *Page 8 
 {¶ 31} Moreover, we concur with appellee that the trial court has inherent authority to correct clerical mistakes in its entries to reflect what occurred at the original sentencing. See Crim. R. 36. In the case sub judice, appellant was advised on the record at the September 22, 1998 sentencing hearing of post-release control, although the trial court's September 24, 1998 entry did not reflect that appellant was notified of the same. The August 4, 2006, Nunc Pro Tunc Judgment Entry corrected the court's earlier entry to reflect this.
 {¶ 32} Appellant's second assignment of error is, therefore, overruled.
 {¶ 33} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Wise, P.J. and Delaney, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1