OPINION *Page 2 
{¶ 1} Appellant Dennis A. Mastin appeals the August 14, 2006 Judgment Entry entered by the Stark County Court of Common Pleas, which re-advised him of his term of post-release control for a mandatory five years. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows:
 {¶ 2} In 2001, appellant pleaded guilty to one count each of unlawful sexual conduct with a minor, a felony of the third degree in violation of R.C. 2907.04(A); breaking and entering, a felony of the third degree in violation of R.C. 2911.12(A); assault, a misdemeanor in violation of R.C. 2903.12(A); and resisting arrest, a misdemeanor in violation of R.C. 2921.33(A). At the time of entering these pleas, appellant executed a guilty plea form, which included advisory language that post-release control of five years was mandatory.
 {¶ 3} On November 5, 2001, the trial court sentenced appellant to an aggregate prison term of five years, the agreed upon sentence. At the sentencing hearing, the trial court informed the appellant of the post-release control obligations of his sentence. The sentencing entry did not include any reference to post-release control.
 {¶ 4} Appellant thereafter began serving his prison sentence. On August 14, 2006, in light of the Ohio Supreme Court decision inHernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, the trial court brought appellant back for re-sentencing. The trial court re-advised appellant of his post-release control obligations and ordered him to serve a mandatory five year period of post-release control and any prison term imposed for a violation of the post-release control. The trial court issued an amended entry to include post-release control. *Page 3 
 {¶ 5} Appellant was released from prison on September 7, 2006 under the terms of post-release control. He filed a timely notice of appeal on September 13, 2006. He raises the following Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 6} "I. THE TRIAL COURT VIOLATED MR. MASTIN'S RIGHT TO DUE PROCESS AND RIGHT TO BE FREE FROM DOUBLE JEOPARDY WHEN IT MADE POSTRELEASE CONTROL A PART OF HIS SENTENCE BY CONDUCTING A RESENTINCING HEARING AND ISSUING A NUNC PRO TUNC ENTRY."
 {¶ 7} After the appellant filed his merit brief on November 8, 2006, the Ohio Supreme Court issued its opinion in State ex rel. Cruzado v.Zaleksi, 111 Ohio St.3d 353, 2006-Ohio-5795. The appellant concedes the Court's decision in Cruzado resolves two of appellant's issues presented for this court's review.[1] We agree with appellant and find that his first two issues presented for review have been overruled byCruzado.
 {¶ 8} Appellant next argues that the trial court violated the Fifth Amendment's prohibition against double jeopardy when it increased appellant's sentence at the August 14, 2006 resentencing hearing. We disagree with appellant in light of this Court's reasoning and decision in State v. Rich, Stark App. No. 2006CA00171, 2007-Ohio-362 (double jeopardy does not attach to a void sentence and re-sentencing is the proper remedy). *Page 4 
 {¶ 9} Appellant finally argues that R.C. 2929.191, enacted by House Bill 137 (effective July 11, 2006), is unconstitutional and circumvents the Ohio Supreme Court's ruling in Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126. R.C. 2929.191 permits the trial court at any time before the offender is released from prison, to conduct a hearing and to issue a correction to the judgment of conviction if the trial court failed to notify or include in the sentencing entry the offender's post-release control obligations of his or her sentence.
 {¶ 10} We disagree with appellant's arguments regarding the constitutionality of House Bill 137 and R.C. 2929.191. For the reasons stated above, we find the Ohio Supreme Court's decision inCruzado resolves these issues.
 {¶ 11} Appellant's sole assignment of error is overruled.
 {¶ 12} The judgment of the Stark County Court of Common Pleas is affirmed.
 Delaney, J. Wise, P.J. and Edwards, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellant's Issues Presented for Review resolved byCruzado are, "(1) May a trial court notify an offender that he or she will be placed on postrelease control by resentencing the defendant at a later date and time, and then issuing a nunc pro tunc entry?; and (2) Because the State did not submit a timely appeal regarding the issue as to whether the trial court acted outside of its jurisdiction by omitting postrelease control from Mr. Mastin's sentence, is the issue now waived?" *Page 1