OPINION *Page 2 
{¶ 1} Defendant-appellant Markus Quantez Henry appeals from the July 24, 2006, Judgment Entry issued by the Stark County Court of Common Pleas wherein the trial court re-advised, and re-sentenced appellant to post release control.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 28, 2003, the Stark County Grand Jury indicted appellant on one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B)(C)(5)(a)(ii), a felony of the third degree and one count of receiving stolen property, in violation of R.C. 2913.51 (A), a felony of the fourth degree.
 {¶ 3} On April 7, 2003, appellant withdrew his former not guilty plea and entered a plea of guilty as charged in the indictment. Prior to entering the guilty plea, appellant executed a standard plea form which included an explanation of appellant's post release control obligations. Sentencing was deferred pending a pre-sentence investigation. On May 19, 2003, appellant was sentenced to serve two (2) years of community control. Appellant was further informed that a violation of the conditions of community control could lead to a more restrictive sanction, a longer sanction, or an aggregate prison term of three years.
 {¶ 4} On July 21, 2003, the trial court revoked appellant's community control and ordered appellant to serve a two year term of incarceration for the offense of failure to comply with the order or signal of a police officer and one year of incarceration for receiving stolen property. The trial court ordered the sentences to be served consecutively for an aggregate three year sentence. On August 4, 2003, the trial court issued a nunc pro tunc entry revoking community sanctions and imposing sentence. *Page 3 
The nunc pro tunc entry modified the prior order to included a mandatory driver's license suspension. The Judgment Entry imposing the three year sentence, did not include post conviction release obligations.
 {¶ 5} On February 24, 2004, the trial court, by judgment entry, granted appellant's motion for judicial release. As a condition of release, appellant was placed on three (3) years of community control.
 {¶ 6} On June 2, 2004, the trial court, by judgment entry, revoked appellant's community control and re-imposed appellant's three (3) year aggregate prison sentence. The Judgment Entry of revocation and re-imposition of sentence, did not include post conviction release obligations.
 {¶ 7} On September 10, 2004, the trial court filed a nunc pro tunc entry stating that appellant was entitled to one hundred and thirty eight (138) days of jail time credit for jail time served between February 10, 2003 and July 9, 2004.[1]
 {¶ 8} On July 16, 2004, the trial court filed a "Notice of Commitment and Calculation of Sentence." The notice indicated that appellant was currently serving a prison term for four felony offenses including the failure to comply and receiving stolen property charges. The aggregate sentence for the offenses was listed as 3.67 years with a release date of March 4, 2008.
 {¶ 9} On July 17, 2006, in response to the Ohio Supreme Court's decision in Hernandez v. Kelley, 108 Ohio St.3d 395, 2006-Ohio-126,844 N.E.2d 301, the trial court set a status hearing to "re-advise" appellant of his post-release control obligations. *Page 4 
At the hearing, at which appellant was present, the trial court stated on the record, in relevant part, as follows:
 {¶ 10} "I have brought you back to have a lawyer stand with you and to recount the number of times that you were advised of post-release control, and then I am going to re-advise you today. When you changed your plea on April 7, 2003, my record indicates that on the checklist I advised you of post-release control. I am going to enter it now that record of the plea, which was taken in open court. The transcript would also verify that I advised you of post-release control. Your signature is on this sheet of paper acknowledging that you understood it.[2]
 {¶ 11} On that same date, you executed a Criminal Rule 11 plea form* * *that plea form also advises you of post-release control.* * *
 {¶ 12} The record should further indicate that on May 27, 2003,* * *a judgment entry and sentencing form* * *again advised you of post-release control.* * *We again advised you of post-release control being discretionary and the consequences of not doing what you were told to do.* * *
 {¶ 13} However, I will tell you, again, that you are in the institution, at the end of your term, regardless of whose case you're still serving under, either mine or judge Brown's, at the end of your term, you're going to be subject to post release controls.* * *
 {¶ 14} And if you don't do what they tell you to do, the Board can do any of the following: Make your conditions tougher, extend the time you're under their control, or they can impose one half of your stated prison term minus three years, but Judge *Page 5 
Brown also has a term on you. So whatever your prison term is, divide by half, and that's how much time the Board has to impose sanctions for not doing what they tell you to do. You can be under their control from three to five years.
 {¶ 15} But if you are on post-release control and you commit a new felony, when you go before the new judge on your new case, in addition to sentencing you on that, the new judge can add 12 months or the balance of time you have on post, whichever is longer, and then run that consecutively to your new felony." (Transcript of Proceedings for July 17, 2006 Hearing at pages 3 through 6.)
 {¶ 16} On July 24, 2006, the trial court filed a Judgment Entry stating in pertinent part as follows:
 {¶ 17} "This matter came on hearing on this 17[th] day of July, 2006, to re-advise Defendant of his post release control obligations.* * *
 {¶ 18} "The Court finds that on April 7, 2003, as reflected by the plea form and the Court's checklist which is followed in all pleas, that Defendant was previously advised of his post release control obligations.
 {¶ 19} "Whereupon in open court, the court re-advised the Defendant of his post release control obligations as had been done on the date of his plea on April 7, 2003 and at his date of sentencing on May 27, 2003.
 {¶ 20} "Whereupon, the Court advised the Defendant that post release control is optional in this case up to a maximum of three (3) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The Defendant is ordered to serve as part of his *Page 6 
sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control."
 {¶ 21} It is from this judgment entry that appellant now seeks to appeal raising the following assignments of error:
 {¶ 22} "I. A TRIAL COURT IS WITHOUT AUTHORITY TO CONDUCT A RESENTENCING HEARING FOR THE PURPOSE OF IMPOSING A TERM OF POST-RELEASE CONTROL AS PART OF THE DEFENDANT'S SENTENCE. IN CONDUCTING THE RESENTENCING HEARING, THE COURT VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS, DOUBLE JEOPARDY, AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 23} "II. THE TRIAL COURT WAS WITHOUT AUTHORITY TO IMPOSE A TERM OF POST-RELEASE CONTROL AS PART OF DEFENDANT'S SENTENCE WHEN HIS SENTENCE HAD ALREADY BEEN SERVED."
 I {¶ 24} In the first assignment of error, appellant challenges the trial court's authority to conduct a status hearing to re-advise appellant of his post release control obligations. Specifically, appellant argues that the trial court's "after-the-fact" re-sentencing hearing was violative of appellant's due process rights, protection against double jeopardy, and protection against ex-post facto laws under the Ohio and United States Constitutions.
 {¶ 25} For the reasons set forth in this Court's decision in State vRich, Stark App. No. 2006CA00171, 2007-Ohio-362 we overrule appellant's due process, ex-post *Page 7 
facto and double jeopardy arguments. See, also, State v. Balderson, Stark App. No. 2006CA00226, 2007-Ohio-2463, and State v. Roberson, Stark App. No. 2006CA00155, 2007-Ohio-643.
 {¶ 26} Appellant further argues that the appropriate remedy to challenge a defect in a sentencing entry is by appeal. Furthermore, appellant argues that R.C. 2953.08(B)(2) and (G) authorize the state to appeal a sentence that is contrary to law. Therefore, because the state could have, but elected not to, appeal the trial court's failure to provide the requisite post-release control notice in the original sentencing entry, the doctrines of res judicata and collateral estoppel bar relief through a re-sentencing hearing. We disagree.
 {¶ 27} The Ohio Supreme Court, in State ex rel Cruzado v.Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, discussed two exceptions to the general rule that a trial court lacks authority to reconsider its own valid final judgments in criminal cases. TheCruzado court explained that a trial court is authorized to correct a void sentence. Additionally, a trial court can correct clerical errors in the judgment. We find the trial court's action in the case sub judice corrected a void sentence.
 {¶ 28} R.C. 2967.28(B) requires a trial court to notify a defendant of post release control whether the post release control is mandatory or optional. State v. Phillips, Logan App. No. 8-06-14, 2007-Ohio-686 at paragraph 21, See also, Hernanadez v. Kelly supra, and State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at paragraph two of syllabus. The Cruzado Court stated that, "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Id at paragraph 20. The Supreme Court explained that the *Page 8 
proper remedy for correcting a sentence, which is void because it does not contain a statutorily mandated term, is to re-sentence the offender.
 {¶ 29} In this case, although, at the original sentencing hearing, on July 21, 2003, the trial court notified appellant of post-release control, the trial court failed to include such notification in the sentencing entry as required by R.C. 2967.28(B). The court's July 21, 2003, Judgment Entry was, therefore, void. Under Cruzado, because appellant's sentence was void, the trial court was authorized to correct the sentence to include the appropriate, post-release control language. See also State v. Broyles, Stark App. No. 2006CA00170, 2007-Ohio-487.
 {¶ 30} For these reasons appellant's first assignment of error is hereby overruled.
 II {¶ 31} In the second assignment of error, appellant argues that the trial court exceeded the limits of its subject matter jurisdiction by re-sentencing appellant to post release control after he had served the balance of his aggregate three year sentence in Stark County Court of Common Pleas Case Number 2003-CR-0194. Specifically, appellant argues that at the time of the re-sentencing he had completed his sentence for the failure to comply and receiving stolen property and was serving the term of a consecutive felony sentence which had been imposed by another common pleas judge (Judge Brown) in a separate case.[3]
 {¶ 32} The Court initially notes that other than a brief discussion by counsel during the July 17, 2006, there is nothing, on the record for this Court to conclude *Page 9 
whether, at the time of the re-sentencing, appellant had served the balance of his sentence. For us to rely on the state of the record and arguments of counsel would be to rely on pure speculation.
 {¶ 33} Generally, we recognize that the burden is on the appellant to show error by reference to matters in the record and there is a presumption as to the regularity of the proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385, See also, State v Roberts (1991), 66 Ohio App.3d 654, 657, 585 N.E.2d 934;State v. Hesler (Sept. 13, 1993), Warren App. No. CA93-03-030, unreported. However, an offender who has served his prison sentence and been discharged cannot, in the absence of appropriate post conviction control notification, be placed on post-release control after the completion of his prison term. See Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301. Accordingly, the potential for jurisdictional error in this case, causes us to seek further evidence as to the status of appellant's sentence at the time of the re-sentencing hearing.
 {¶ 34} For these reasons, we hereby remand this matter to the trial court for a hearing as to whether or not appellant had served the balance of his three (3) year sentence at the time of re-sentencing on July 17, 2006. *Page 10 
 {¶ 35} If the trial court determines upon remand that appellant served the three (3) year sentence prior to July 17, 2006, then the trial court shall vacate the re-sentencing entry as being void for lack of jurisdiction.
 {¶ 36} The matter is hereby remanded for further proceedings in accordance with this opinion.
Edwards, J., Farmer, J. concurs and Hoffman, P.J. dissents
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed and remanded. Costs assessed to appellant.
[1] The July 14, 2004, original entry stated that appellant was entitled to one hundred and fifty one (151) days of jail time credit.
[2] The "Change of Plea in Open Court" form which is a checklist of rights filed on April 7, 2003, includes "Post Release Control" as one of the issues that was discussed with appellant. The checklist also includes the signature of appellant and defense counsel. No transcript of the change of plea proceeding was provided for review by this Court.
[3] In State v Henry, Stark County Court of Common Pleas Case Number 2004-CR-0940, on July 9, 2004, appellant was sentenced to serve an aggregate eight month sentence for one count of carrying a concealed weapon and one count of trafficking in a counterfeit controlled substance with credit for 51 days served. The sentenced was ordered to run consecutively to the sentence in this case. *Page 11