OPINION *Page 2 
{¶ 1} Appellant Russell Blankenship appeals from the decision of the Fairfield County Court of Common Pleas, subsequent to appellant's conviction and sentence for aggravated burglary, to add a post-release control provision. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 7, 2002, the Fairfield County Grand Jury indicted appellant on one count of aggravated burglary, R.C. 2911.11(A)(1), a felony of the first degree, and one count of attempt to commit abduction, R.C. 2905.02 and 2923.02, a felony of the second degree. On August 8, 2002, appellant entered a plea of guilty to one count of aggravated burglary, and the State entered a nolle prosequi to the charge of attempt to commit abduction.
 {¶ 3} Appellant was sentenced to a prison term of four years on August 15, 2002. As appellant was convicted of a first-degree felony, post-release control is mandatory for a period of five years. See R.C. 2967.28. However, the sentencing entry did not notify appellant that he was subject to this mandatory five year period of post-release control ("PRC").
 {¶ 4} Appellant was granted judicial release on August 1, 2003 and placed on community control. On May 17, 2004, the trial court revoked appellant's community control and imposed the remainder of his prison sentence. On appeal, this Court affirmed the judgment of the trial court revoking appellant's community control. See State v. Blankenship, Fairfield App. No. 04-CA-43, 2006-Ohio-1493 (decided March 27, 2006). *Page 3 
 {¶ 5} On November 21, 2006, while appellant was still incarcerated, the State filed a motion to correct appellant's conviction concerning post-release control, citing R.C. 2929.191. A hearing on the motion was conducted on May 2, 2007, at which time appellant, via counsel, orally moved to deny the motion, on the basis that R.C. 2929.191 was unconstitutional.
 {¶ 6} On May 15, 2007, the trial court granted the State's motion to correct appellant's judgment of conviction to include post-release control.
 {¶ 7} On June 8, 2007, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT'S RE-SENTENCE OF THE DEFENDANT TO IMPOSE MANDATORY POST-RELEASE CONTROL WHICH WAS NOT ORDERED IN THE ORIGINAL SENTENCING ENTRY WAS A VIOLATION OF THE DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS AND PROTECTION AGAINST DOUBLE JEOPARDY."
 I. {¶ 9} In his sole Assignment of Error, appellant contends the trial court erred and violated his constitutional rights by re-sentencing him to include a post-release control notification. We disagree.
 {¶ 10} In Hernandez v. Kelly, 108 Ohio St.3d 395, 844 N.E.2d 301,2006-Ohio-126, in an action for a writ of habeas corpus, the Ohio Supreme Court held that the Adult Parole Authority lacked authority to impose post-release control on an offender, whose prison sentence was completed, who had not been advised by the trial court of statutorily required postrelease control. Id. at ¶ 28, 844 N.E.2d 301. *Page 4 
 {¶ 11} In State v. Broyles, Stark App. No. 2006CA00170, 2007-Ohio-487, we addressed an appeal by a defendant who was recalled for resentencing as a result of the Hernandez decision. We first cited our prior holding in State v. Rich, Stark App. No. 2006CA00171, 2007-Ohio-362, and overruled appellant's challenges to his resentencing on due process, ex-post facto and double jeopardy grounds. Broyles at ¶ 9. We also rejected appellant's argument that because the State elected not to appeal the trial court's failure to provide the requisite post-release control notice in the original sentencing entry, the doctrines of res judicata and collateral estoppel would bar resentencing. Id. at ¶ 10.
 {¶ 12} Since the filing of the briefs in the present appeal, the Ohio Supreme Court, citing its recent ruling in State v. Simpkins,117 Ohio St.3d 420, 884 N.E.2d 568, 2008-Ohio-1197, has affirmed our decisions inBroyles and Rich. See State v. Broyles, ___ Ohio St.3d ___,2008-Ohio-2216; State v. Rich, ___ Ohio St.3d ___, 2008-Ohio-2217. Accordingly, we are compelled to find appellant's argument without merit.[1] *Page 5 
 {¶ 13} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
 Wise, J. Farmer, P. J., and Edwards, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs assessed to appellant.
[1] In the present appeal, appellant has not presented a separate argument specifically challenging the constitutionality of R.C. 2929.191
itself. See App. R. 16(A)(7). In Simpkins, the Ohio Supreme Court indicated that the constitutionality of the General Assembly's amendments to R.C. 2929.191 and 2967.28(B), effective July 11, 2006, which were accomplished in response to Hernandez, would be subsequently reviewed in a pending case before the Court, State v. Mosmeyer. SeeSimpkins at ¶ 17, f.n. 1. We nonetheless note our recognition of the constitutionality of R.C. 2929.191 in State v. Mastin, Stark App. No. 2006CA00262, 2007-Ohio-2547, ¶ 10. *Page 1